UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62378-CIV-COHN/SELTZER

ALPHONSE PIERRE,

    Plaintiff,

v.

UNIWELD PRODUCT, INC.,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Alphonse Pierre's *pro se* Complaint [DE 1] ("Complaint")[1] and Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application").  The Court has considered the Complaint and the Application, and is otherwise advised in the premises.

### I. BACKGROUND

According to the Complaint, Defendant UniWeld Product, Inc. ("Defendant") employed Plaintiff from July 10, 2006 to November 2, 2006.  Compl. at 1.  Plaintiff alleges that he performed well at his job and that Defendant was pleased with his performance, as evidenced by his promotion on October 18, 2006.  Id.  However, on November 2, 2006, the owner of Defendant's company allegedly called Plaintiff into his office and said, "Mr. Pierre, I have learned from your co-workers that you never do a good job.  You broke the machine.  I do not need you in our place.  Get out of here.  Get off my premises, you fucking black Haitian!  I do not have a place for an architect here."  Id.

---

[1] Docket Entry #1 is entitled "The Plaintiff's Statement."  The Clerk of Court construed the document as a Complaint.

Plaintiff claims, "[a] co-worker at the site of my new assignment, said negative things about me to the above-named owner. This was subsequent to being present when my supervisor and foreman, Shelby Boggess, thanked me for a job well done and announced I would receive a raise the following week. And also after I had been receive this Notice under the Laws Enforced by the EEOC."[2] Id. at 1-2. He maintains that he did not break any machines, and that he did a good job at work. Id. at 1-2. Plaintiff "concluded he was firing me for reasons unrelated to my job performance, but related instead to my status as a Black Haitian and immigrant worker under the United States Constitution Laws." Id. Therefore, Plaintiff states, "I would like to file a Lawsuit against the Respondent named (UniWeld Product, Inc.) in the charge JOB DISCRIMINATION RACE." Id. at 2.[3]

## II. LEGAL STANDARD

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .
>
> (B) the action or appeal--
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

---

[2] Plaintiff attaches no such "Notice under the Laws Enforced by the EEOC."

[3] Plaintiff also requests "that the court appoint a prosecutor to assist [him] on this case," Compl. at 2, but the Court cannot appoint counsel in a civil action. A plaintiff in a civil action may either retain counsel on his own or proceed *pro se*.

28 U.S.C. § 1915(e)(2).[4]  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. ANALYSIS

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  If, "on the basis of a dispositive

---

[4] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."  Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

3

issue of law, no construction of the factual allegations will support the cause of action," then a court may dismiss a complaint.  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Normally, a statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate it in the complaint.  La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004).  If, however, "it is apparent from the face of the complaint that the claim is time-barred," then dismissal under Rule 12(b)(6) is appropriate.  Id. (citations and quotations omitted).

In the instant Complaint, Plaintiff states, "I would like to file a Lawsuit against the Respondent named (UniWeld Product, Inc.) in the charge JOB DISCRIMINATION RACE."  Compl. at 2.  In his Civil Cover Sheet [DE 1-1], Plaintiff writes, "This action is filed under the Civil-Rights Act 42 USC 1971."  Presumably, Plaintiff purports to bring an employment discrimination case under 42 U.S.C. § 1981.[5]

Section 1981 does not have a statute of limitations provision.  However, just before amending § 1981, Congress passed 28 U.S.C. § 1658, which provides a catch-all four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990.  See 28 U.S.C. § 1658(a); see also Palmer v. Stewart Cnty. Sch. Dist., 178 Fed. App'x 999, 1002-03 (11th Cir. 2006).  In this case, Plaintiff's race discrimination claim was made possible by the 1991 amendments to § 1981; thus, his claim arises under a post-1990 enactment.  See Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008).  As such, the four-year statute of limitations applies.

According to the Complaint, Plaintiff was fired on November 2, 2006.  Compl. at

---

[5] Section 1971 is the Voting Rights Act, not the Civil Rights Act.  Nothing in Plaintiff's Complaint relates to any voting rights.

4

1. Plaintiff did not file this action until November 7, 2011, over five years after he was fired. Therefore, Plaintiff's claim is time-barred by the four-year statute of limitations, and dismissal under Rule 12(b)(6) is appropriate.

### IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Complaint [DE 1] is **DISMISSED**;

2. The Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED as moot**;

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Alphonse Pierre, *pro se*
Cypress Grove Apartments
4290 NW 19th Street, Apt H202
Lauderhill, FL 33313